UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN PHILLIP THOMAS,
#538715,

    Petitioner,                                      Civil Action No. 19-CV-11011

vs.                                                  HON. BERNARD A. FRIEDMAN

MARK MCCULLICK,

    Respondent.
_____/

**<u>OPINION AND ORDER (1) DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner is a Michigan prisoner who filed this habeas case under 28 U.S.C. § 2254. He was convicted in Gogebic Circuit Court after pleading guilty to charges of conspiracy to deliver methamphetamine, in violation of Mich. Comp. Laws §§ 750.157a, 333.7401(2)(b)(i), and maintaining a drug house, in violation of Mich. Comp. Laws § 333.7405(d). Petitioner was sentenced as a second-time habitual felony offender to ten to thirty years in prison for the conspiracy conviction and twenty-one months to three years in prison for the drug house conviction. The instant petition raises one claim: the trial court erred in scoring the sentencing guidelines based on unproven conduct in a police report.[1] For the reasons stated below, the Court

---

[1] In his application for leave to appeal filed with the Michigan Court of Appeals, petitioner indicates that the presentence investigation report "prepared by the probation department . . . was scored using facts from the police report that were never admitted to by [petitioner]. The [presentence investigation report] was later submitted to the court for sentencing where the report's writer essentially echoed the police report" [docket entry 7-8, PageID.206]. This appears to be the police report at issue in this case.

shall deny the petition, deny a certificate of appealability, and deny leave to proceed on appeal in forma pauperis.

## I. Background

On August 4, 2017, a felony warrant was issued that charged petitioner with five counts: one count of conspiracy to deliver a controlled substance, one count of delivery or manufacture of methamphetamine, two counts of possession of a controlled substance (clonazepam and lorazepam), and one count of maintaining a drug house. In addition to these charges, petitioner was notified that he would be charged as a fourth-time habitual felony offender.

Petitioner initially pled not guilty to the charges. After plea negotiations, however, petitioner entered into a plea agreement in which he agreed to plead guilty to the conspiracy and drug house charges. Plea Hr'g Tr. at 4. Petitioner also agreed to provide truthful testimony against other defendants facing charges related to the same criminal conduct. *Id.* at 4-5. In exchange, the prosecutor agreed to dismiss the remaining three counts and to reduce the habitual offender charge. *Id.* at 5, 10. The prosecutor also agreed to petitioner receiving concurrent sentences on the two charges to which he pled guilty. *Id.* at 5. On October 23, 2017, petitioner entered a plea of guilty in accordance with the terms of the plea agreement. *Id.* at 9-10, 22-23.

On January 16, 2018, the trial court sentenced petitioner. During that proceeding, defense counsel objected to the sentencing guidelines score because it reflected that petitioner had engaged in contemporaneous felonious criminal acts. Sentencing Hr'g Tr. at 8-9. The trial court overruled the objection and found the scoring appropriate because the felony information and presentence investigation report referenced petitioner's "two additional [felony] drug charges involving different drugs" that were dismissed pursuant to the plea agreement. *Id.* at 9-10. At sentencing, petitioner did not dispute the accuracy of the information before the court, such as the

2

information in the presentence investigation report or police report.[2]  *Id.* at 6, 14.  The court then imposed the sentence indicated above, which fell below the statutory maximum for each charge.

Petitioner's appellate counsel thereafter filed a motion for re-sentencing in the trial court, asserting that the trial court erred by scoring the guidelines in a manner that included the conduct alleged in the dismissed charges.  The trial court denied the motion.  It stated that the scoring of the guidelines was supported by information in the presentence materials indicating that during the execution of the search warrant at petitioner's residence, in addition to discovering methamphetamine, police officers located a wooden box under a pair of petitioner's shorts that contained the prescription drugs clonazepam and lorazepam.  Def.'s Mot. to Correct Invalid Sentence Hr'g Tr. at 12-15.  The court noted that petitioner was charged with possession of these prescription drugs as "two separate offenses," both felonies.  *Id.* at 12.  The court determined that there was "sufficient evidence that [petitioner] possessed the pills that were within the wooden box for purposes of the scoring" because, based on the facts before the court, "one, . . . it was [petitioner's] residence, [and] two, . . . they found his shorts on top of a wooden box and within that box they found these drugs."  *Id.* at 15.  The court concluded that the two drug possession charges were contemporaneous with the conspiracy charge because, according to the presentence materials, the search of petitioner's residence took place on July 21, 2017, and petitioner "admitted

---

[2] The sentencing hearing transcript indicates that the court had before it several letters submitted on petitioner's behalf, two sentencing information reports (one for each offense), and the presentence investigation report.  Sentencing Hr'g Tr. at 4.  Petitioner had an opportunity to review the presentence documents (excluding the letters) with his attorney.  *Id.* at 5-6.  The court asked defense counsel if he or his client had "any changes or challenges to any of the[e] [presentence] documents," and defense counsel responded:  "We do have challenges to the scoring, but we do not have any changes or challenges to any of the facts within [the documents]."  *Id.* at 6.

3

in his plea that his conspiracy on methamphetamine continued till about the time that he was arrested" on August 8, 2017. *Id.* at 12, 14-15.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals in which he raised one claim: "The trial court must only accept facts established by a 'preponderance of evidence standard' for the purpose of scoring sentencing variables. The trial court committed clear error by assuming that statements in the police report *per se* satisfy this standard" [docket entry 7-8, PageID.205]. The Michigan Court of Appeals denied petitioner leave to appeal "for lack of merit in the grounds presented." *People v. Thomas*, No. 345670 (Mich. Ct. App. Nov. 13, 2018). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was "not persuaded that the question presented should be reviewed by this Court." *People v. Thomas*, 923 N.W.2d 252 (Mich. 2019). Petitioner again asserts this claim in the instant petition.[3] Pet. [docket entry 1, PageID.5, 15].

---

[3] The instant petition consists of a form, attached to which is a handwritten brief. In the form, petitioner states that his claim is "Same as Appeal." Pet. [docket entry 1, PageID.5]. Below that, the form asks for "Supporting facts," and petitioner responded to this request as follows: "Prosecutor knowingly solicited false evidence to a charge[] that was dismissed during plea agreement to maliciously/fraudulently enhance sentence guidelines." *Id.* In his handwritten brief, petitioner states that the wooden box found in his residence contained two license plates, and he claims that the "registered owner" of the license plates was concealed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because the owner of the license plates likely owned the prescription drugs. Petitioner does not indicate how or when this allegedly concealed information was disclosed to him, or what evidence this claim is based on. To the extent petitioner attempts to insert a new *Brady* claim that the prosecutor concealed exculpatory evidence, this claim is without merit. Unexhausted claims may be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). Further, it is well established that "[t]here is no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available . . . from another source, because in such cases there is really nothing for the government to disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) (internal citation and quotation marks omitted); *see also Spirko v. Mitchell*, 368 F.3d 603, 610 (6th Cir. 2004). The burden is on petitioner "to prove that the evidence was not disclosed to him." *Coe*,

4

**II. Standard of Review**

Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A]

---

161 F.3d at 344 (internal citations omitted). In the present case, petitioner does not appear to allege that at the time of his sentencing he had no knowledge of the license plates, which were found in his residence and in a box under a pair of his shorts. Petitioner, more than anyone, would have known if the license plates did not belong to him, as he now claims. He could have taken advantage of this evidence to identify the registered owner(s) of the license plates himself. Moreover, petitioner had the opportunity to raise the issue of the license plates' ownership at sentencing irrespective of the conduct of the prosecutor. Therefore, the Court finds that this claim is without merit, and it shall deny this claim pursuant to 28 U.S.C. § 2254(b)(2).

5

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

**III. Analysis**

Petitioner asserts that the trial court erred in considering the conduct alleged in the dismissed charges in scoring the sentencing guidelines, which are advisory and discretionary in Michigan, thereby increasing the minimum term of his sentence. Because none of petitioner's federal constitutional rights were implicated by the sentencing court's reliance on the information contained in the presentence investigation report (which apparently incorporated the contents of the police report, *see supra* note 1), petitioner has failed to demonstrate his entitlement to habeas relief.

First, to the extent petitioner maintains that he is entitled to habeas relief because the trial court erred under state-law principles governing the scoring of the sentencing guidelines, this argument is not cognizable because "federal habeas corpus relief does not lie for errors of state law," *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)), and therefore "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Id.* Petitioner has "no federal constitutional right to be

6

sentenced within Michigan's guideline minimum sentence recommendations," which means that "any error in calculating his guideline score alone does not merit habeas relief." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). "Within limits fixed by statutes, [state court] judges are given a broad discretion to decide the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 244-45 (1949); *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" (quoting *Williams*, 337 U.S. at 245)). Thus, even if the sentencing court in the present case violated state sentencing guideline law in imposing petitioner's sentence, such an argument fails on federal habeas review.

To the extent petitioner asserts that his due process rights were violated by the sentencing court's consideration of unreliable information in imposing his sentence, this claim also fails. Petitioner was not entitled to the same protections at his sentencing hearing that he would have been afforded at trial. It is a "long-established principle" that "the constitutional protections afforded defendants at a criminal trial, including confrontation rights, are not available at sentencing proceedings to limit the court's consideration of the background, character and conduct of the defendant." *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc). "Generally, the Federal Rules of Evidence do not apply to sentencing proceedings, Fed. R. Evid. 1101(d)(3), and hearsay evidence is admissible at sentencing." *United States v. Moncivais*, 492 F.3d 652, 658 (6th Cir. 2007) (citing *United States v. Davis*, 170 F.3d 617, 622 (6th Cir. 1999)). The Sixth Circuit has "acknowledged the wide discretion allowed a trial judge in considering the evidence submitted at sentencing," including the information in a presentence report, and that "[t]he sentencing court's use of hearsay information has traditionally been almost unlimited."

*Silverman*, 976 F.2d at 1508-09 (internal citations omitted). The Sixth Circuit has "upheld a sentencing court's factual finding and sentence based largely on uncharged drug conduct." *Id.* at 1511-12 (internal citations omitted). Due process requires "that evidence considered at sentencing have 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Johnson*, 732 F.3d 577, 583 (6th Cir. 2013) (quoting *Moncivais*, 492 F.3d at 659; citing *Silverman*, 976 F.2d at 1504). "The minimum-indicia-of-reliability standard is a relatively low hurdle that asks only that *some* evidentiary basis beyond mere allegation in an indictment be presented to support consideration of such conduct as relevant to sentencing." *Id.* (emphasis in original) (internal citation and quotation marks omitted).

In the present case, the sentencing court considered information that was reliable insofar as it was derived from evidence in the presentence materials regarding the execution of the search warrant at petitioner's residence. Def.'s Mot. to Correct Invalid Sentence Hr'g Tr. at 12, 14-15. Based on this information, the court concluded that there was sufficient evidence that petitioner had committed two additional felonies during the conspiracy, which supported the court's scoring of the guidelines. Sentencing Hr'g Tr. at 9-10, 20; Def.'s Mot. to Correct Invalid Sentence Hr'g Tr. at 14-15. The sentencing court was permitted to make this determination, and petitioner has not established that a due process violation occurred because the court's determination was based on the presentence materials and not "mere allegation[s] in an indictment." *Johnson*, 732 F.3d at 583. Moreover, petitioner was afforded an opportunity at the sentencing hearing to dispute the contents of the presentence documents, but he chose not to do so. Sentencing Hr'g Tr. at 3-4, 6, 8-9, 14; Def.'s Mot. to Correct Invalid Sentence Hr'g Tr. at 12. As petitioner's single claim is without merit, the Court shall deny the instant petition.

In order to appeal the Court's decision, petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, petitioner "must make a substantial showing of the denial of a constitutional right," which "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citation and quotation marks omitted). A federal district court may grant or deny a certificate of appealability when it issues a ruling on a habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002) (internal citation omitted). In the present case, jurists of reason would not debate the Court's conclusion that petitioner has failed to demonstrate his entitlement to habeas relief because his claim is devoid of merit. Therefore, the Court shall deny a certificate of appealability. The Court shall also deny petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

**IV. Conclusion**

Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner is denied leave to proceed on appeal in forma pauperis.

|  |  |
|---|---|
| Dated: April 23, 2020<br>Detroit, Michigan | **s/Bernard A. Friedman**<br>BERNARD A. FRIEDMAN<br>SENIOR U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 23, 2020.

| Jonathan Phillip Thomas #538715<br>St. Louis Correctional Facility<br>8585 N. Croswell Road<br>St. Louis, MI 48880 | s/Johnetta M. Curry-Williams<br>Case Manager |
|---|---|